[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
The captioned case is a malpractice action against a surgeon for alleged negligent performance of a tubal fulguration procedure on the plaintiff, subsequent to which the plaintiff became pregnant. The surgery was performed on May 24, 1995, and the complaint was served on the defendant on April 3, 1999. The defendant has moved for summary judgment on the ground that this action was commenced more than three years after the occurrence of the act complained of, so that it is barred by the statute of repose, § 52-584 of the General Statutes (hereinafter "§ 52-584").
Although the plaintiff's memoranda on this motion did not articulate a claim that § 52-584 was tolled under the continuing course of conduct doctrine by the defendant's failure to warn her that the risk of failure of the surgery was increased in her case above the risk normally attendant on that procedure, at oral argument, the plaintiff asserted that the defendant had a continuing duty to warn the plaintiff of the fact that her right fallopian tube was larger than her left, which increased the risk of failure of the procedure (plaintiff's supplemental memorandum of May 25, 2000, P.2).
DISCUSSION
CT Page 10457
Relying on Sherwood v. Danbury Hospital, 252 Conn. 193 (2000), and Witt v. St. Vincent's Medical Center, 252 Conn. 363 (2000), the defendant argues that, in order for a failure to warn to toll the statute of repose under the continuing course of conduct doctrine, the person charged with the failure must have been aware of the particular risk about which a warning was not given. The defendant goes on to argue that, because he has made oath that he was unaware, both before and after the plaintiff's procedure, of any above normal risk in her case (defendant's affidavit of May 23, 2000), it has now become that the plaintiff's burden to come forward and establish that there exists a genuine issue as to the state of the defendant's mind. The court agrees, and based on the inability of the plaintiff to point to any material submitted in opposition to the motion for summary judgment which creates a genuine issue as to the defendant's awareness of the plaintiff's being at increased risk, the court concludes that the statute of repose was not tolled, and therefore expired, before this action was commenced.
CONCLUSION
The defendant's motion for summary judgment is granted.
G. Levine, J.